IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-CV-00084-RLV
(5:05-CR-00027-RLV-DCK-1)

| | |
|---|---|
| VAUGHN COULTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Doc. 1.) The Court finds that no response is necessary from the Government. For the reasons that follow, Petitioner's Motion will be denied and dismissed.

**I. BACKGROUND**

On March 29, 2005, the Grand Jury sitting for the Western District of North Carolina returned an Indictment charging Petitioner with one count of knowingly possessing with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2 (Count One); one count of possession and use of a firearm during and in relation to drug trafficking in crack cocaine, in violation of 18 U.S.C. § 924(c) (Count Two); and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Three). (5:05-CR-00027, Doc 1.)

Petitioner was appointed counsel and later entered into a Plea Agreement with the Government wherein he agreed to plead guilty to Counts One and Two of the Indictment in

1

exchange for the Government's agreement to dismiss Count Three. (5:05-CR-00027, Doc. 23 at 1.) On March 15, 2006, Petitioner appeared with counsel before the magistrate judge for his Rule 11 hearing. Following the standard colloquy, the court accepted Petitioner's plea of guilty to Counts One and Two of the Indictment. (5:05-CR-00027, Doc. 24.)

On November 6, 2006, Petitioner appeared with counsel for his sentencing hearing and was sentenced to a combined term of 262-months imprisonment for conviction of Counts One and Two; Count Three was dismissed on the Government's motion. (5:05-CR-00027, Doc. 31 at 1.) Petitioner did not file an appeal from his conviction or sentence.

On June 26, 2012, Petitioner filed the instant Section 2255 Motion and raises two grounds in his effort to have his sentence vacated. (Doc. 1.) Petitioner's claims for relief are discussed below.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.

Petitioner has not requested an evidentiary hearing. After examining the record in this matter, the Court finds that the claims in Petitioner's Section 2255 Motion can be resolved without an evidentiary hearing based on the prior court record and the documents and arguments therein presented. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

A. Motion for Extension of Time

Petitioner did not appeal from his judgment, therefore Petitioner's conviction and

sentence became final ten days after his judgment was filed, on or about November 28, 2006. On November 26, 2007, on the eve of the expiration of his one-year time period to file a section 2255 motion, Petitioner filed a motion to extend his time to file his Section 2255 Petition for an additional thirty days. Petitioner explained that he had been shipped from institution to institution and had inadequate access to legal materials in order to properly prepare a collateral attack. (5:05-CR-27, Doc. 35.) Petitioner explains in his Section 2255 Motion that on October 30, 2007, Petitioner "finally got an opportunity to file" for an extension of time. (Doc. 1 at 11.) The Court never entered an Order granting or denying Petitioner's motion for extension of time. In his motion for extension of time, Petitioner offered no indication regarding the claims he planned to argue.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a section 2255 petition must be filed within one year of, among other events, the date the petitioner's conviction becomes final or the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1), (4). The Court finds that Petitioner's motion for extension of time was filed within this one-year time frame and will therefore rule on his Motion for Extension of Time.

Petitioner pled guilty and was sentenced nearly a year before he moved the Court to extend his time to file a section 2255 motion. Petitioner's claims of being lost in transit or isolated from all of the materials he might need to wage a proper attack on his conviction or sentence are unavailing. Petitioner was indicted on March 29, 2005, and on March 15, 2006, he admitted to being in fact guilty of Counts One and Two of his Indictment. Petitioner would have received his presentence investigation report ("PSR") in August or September of 2007. On November 6, 2007, Petitioner was sentenced and judgment was entered on November 17, 2007.

Based on the court record, Petitioner should have been well aware of any potential claims he might have chosen to raise throughout the pendency of his case before this Court, which concluded on November 17, 2007, with the entry of judgment. Petitioner has thus had over seven years, from the date of indictment until he filed the present Section 2255 Motion, to formulate his claims for a section 2255 motion. The Court finds that Petitioner's arguments regarding transit, lack of legal materials, or inability to prepare his petition are insufficient grounds to grant his Motion for Extension of Time. In the Court's discretion, Petitioner's Motion for Extension of Time will be denied.

B.  Section 2255 Petition

In order to be timely under AEDPA, Petitioner's Section 2255 Motion must have been filed on or about November 27, 2007. Therefore, unless Petitioner can establish grounds that excuse his delay, his Petition is untimely and is due to be dismissed. The Fourth Circuit has held that the one-year statute of limitations is subject to equitable tolling. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). However, equitable tolling is an extraordinary remedy. "Principles of equitable tolling do not extend to garden variety claims of excusable neglect." Id. (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Equitable tolling is only "appropriate when . . . extraordinary circumstances beyond [Petitioner's] control prevented him from complying with the statutory time limit." Id. (citation and quotation omitted). A petitioner is generally obligated to demonstrate that he has been diligently pursuing his rights and that extraordinary circumstances stood in his way and prevented him from filing a timely petition. See Pace v. DiGugliemo, 544 U.S. 408, 418 (2005). As noted above, Petitioner's arguments regarding why he could not meet the one-year deadline were insufficient to support his Motion for Extension of Time to file his Section 2255 Petition. The Court finds that these reasons are

4

also insufficient to support the extraordinary remedy of equitable tolling. See Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000) (noting that lack of access to legal materials is insufficient to support equitable tolling).

The Court will now examine Petitioner's section 2255 claims for relief to determine whether either claim would support a claim for equitable tolling.

1. Ground One

In his first claim for relief, Petitioner appears to argue that a recent change in the Fair Sentencing Act provides him with an opportunity to challenge his sentence. (Doc. 1 at 4.) Under the AEDPA, a petitioner must bring a section 2255 motion within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

The Fair Sentencing Act of 2010 ("FSA"),[1] which was signed into law by President Obama on August 3, 2010, and became effective that day, increased the amount of crack cocaine required to trigger mandatory minimum sentences. For instance, prior to the effective date of the FSA, a defendant who sold fifty-three grams of crack cocaine would be subject to a ten-year term of imprisonment rather than the five-year mandatory minimum that applied after the effective date. See Dorsey v. United States, 123 S. Ct. 2321, 2329 (2012). There lingered, however, the question of which defendants might benefit from the FSA's new, more lenient terms.

On June 21, 2012, the Supreme Court issued its Dorsey opinion and resolved this

---

[1] See Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372 (2010).

question. The Court concluded that the FSA was applicable to those who committed their offenses before the effective date, August 3, 2010, and were sentenced after the effective date. Dorsey, 132 S. Ct. at 2335 ("[W]e conclude that Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders.").

In the present case, Petitioner was sentenced on November 16, 2006. Therefore, the provisions of the FSA, effective for defendants sentenced only <u>after</u> August 3, 2010, are of no benefit to Petitioner and cannot serve as a basis to grant relief in this collateral action. As the enactment of the FSA has no application to Petitioner, it cannot serve as a ground to excuse his untimely filing.

2. Ineffective Assistance of Counsel

Finally, Petitioner raises vague claims that his trial counsel was ineffective because his counsel advised him that he could face more time if his convictions were vacated on appeal. (Doc. 1 at 5.) First, this is a correct statement of the law. As Petitioner will recall, he pled guilty to Counts One and Two of the Indictment and Count Three was dismissed pursuant to the terms of his Plea Agreement. The Government had the discretion to refuse to negotiate a new plea agreement with Petitioner on remand and therefore he could have been charged with all three counts. Second, Petitioner never gave any indication that he would have wished to withdraw his guilty pleas to Counts One or Two, nor does he raise such an argument now.

In sum, Petitioner's counsel was not ineffective for advising that Petitioner could, and likely would, face more time on remand if convicted. Petitioner's statement warning Petitioner of the consequences of having his convictions and sentence vacated on remand was a correct statement of the law. It appears very clearly from the record that Petitioner chose not to go forward with an appeal in light of this information regarding the potential of being faced with

6

three counts on remand.

## IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion is **DENIED** and **DISMISSED**. (Doc. 1.)

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336–38 (2003) (stating that in order to satisfy section 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: August 13, 2012

Richard L. Voorhees
United States District Judge

7

Case 5:12-cv-00084-RLV   Document 2   Filed 08/14/12   Page 7 of 7